CLD-052                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3040
_____

IN RE:  PETER DIPIETRO,
                                                            Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1-19-cv-13891)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 21,2019
Before: JORDAN, KRAUSE and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 26, 2019)
_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner Peter DiPietro has filed a petition in this Court entitled "Claim for

a Writ of Procedendo," seeking to compel the District Court to grant relief on the next

friend habeas petition that he filed on June 17, 2019.  In that habeas petition, DiPietro

seeks relief on behalf of Michael H. Roberts, stating that Roberts is unlawfully

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

incarcerated for an unverified child support debt. On July 15, 2019, DiPietro filed in the District Court a motion for summary judgment, requesting Roberts's immediate release. His motion also seeks additional relief in the amount of $1.8 million in damages, per day, for Roberts's unlawful detainment. On August 28, 2019, DiPietro filed a "Claim for a Writ of Procedendo" in the District Court,[1] which this Court received and filed several days later. In it, DiPietro seeks entry of a default judgment on Roberts's behalf, both on his habeas and damages claims.

The Clerk construed DiPietro's "Claim for a Writ of Procedendo" as a petition for a writ of mandamus, as do we. DiPietro seeks an order directing the District Court to adjudicate his next friend habeas action and related motions in Roberts's favor. In support, DiPietro argues that "[t]he time to adjudicate the petitioner's Writ has lapsed," Mandamus Petition ¶7, and that Roberts is entitled to immediate release and damages relief for the violations of his constitutional rights.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). An appellate court may issue a writ of

---

constitute binding precedent.

[1] This document appears on the District Court's docket as an exhibit to DiPietro's summary judgment motion.

2

mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). However, the manner in which a court controls its docket is discretionary. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

Here, DiPietro has not shown that he has an indisputable right to the writ. He filed his next friend habeas petition about five months ago and his claims for damages about four months ago; his mandamus petition followed less than two months later. Under the circumstances, any alleged delay by the District Court is not tantamount to failure to exercise jurisdiction,[2] and we find no reason to grant the drastic remedy of mandamus relief here. We are confident that the District Court will adjudicate DiPietro's next friend habeas action and pending motions without undue delay.

Accordingly, we will deny DiPietro's mandamus petition.

---

[2] We need not reach the question of whether DiPietro can meet the requirements for proceeding as Roberts's next friend. See Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990) (describing the prerequisites for next friend standing).